**CHEROKEE SOUTH CORPORATION, an Oklahoma Corporation, Appellee,**

v.

**Dayne LEDFORD and Evelou Ledford, Appellants.**

No. 52503.

Court of Appeals of Oklahoma, Division No. 1.

Aug. 28, 1979.

Rehearing Denied Sept. 25, 1979.

Certiorari Denied Nov. 13, 1979.

Released for Publication by Order of Court of Appeals Nov. 15, 1979.

Porta, Bass & Bass, P. C. by John A. Bass, El Reno, for appellee.

Hammons & Wolking, Inc. by Mark Hammons, El Reno, for appellants.

ROMANG, Presiding Judge:

In this case a river which served as the boundary between Appellee-Plaintiff's land and that of Appellants-Defendants, moved so as to enlarge the land area on Appellants' side of the river and diminish the land area on Appellee's side. Appellee sued to quiet title claiming the change in the river was occasioned by "sudden violence" and was, hence, avulsive under 60 O.S.1971, § 336. If avulsive, the change in the riv-

erbed would not change the boundary between the two properties under admitted principles. In opposition, the Appellants claimed the changes occurred "by imperceptible degrees" and were the result of accretion under 60 O.S.1971, § 335.[1] If the changes resulted from accretion, the riverbed remains the boundary.

The matter was tried to the court sitting without a jury. The court overruled Appellants' demurrer to the evidence, entered a general decree for the Appellee, and denied Appellants' motion for a new trial.

Two issues are raised on appeal: (a) there is not sufficient evidence to support the trial court's finding that the riverbed changed its course by avulsion and (b) that the Appellants should have been granted a new trial since a key witness failed to appear. Since we reverse on the first ground, the second is not discussed.

■ As is clear from our statutes, and at common law, accretion is a means by which the riparian owner acquires title to the accreted or added land whereas avulsion has no effect on title. 60 O.S.1971, §§ 335 and 336 and 7 Powell, The Law of Real Property § 983 (1979). Although the historic reason for the distinction is not clear it appears to be based on the reasonable expectations of the parties, and in Oklahoma it is clearly a rule of law and not a rule of construction. 7 Powell, *supra* § 985. It is believed that parties to conveyances wherein a flowing river is a boundary understand and expect the normal fluctuations caused by the constant processes of nature and understand that the river is the boundary regardless of gradual shifts in its bed. In such cases the value of water access is continued in spite of slight, imperceptible shifts. As to avulsive shifts, however, these expectations do not hold for they are not reasonably expectable although they may be foreseeable in a general sense, i. e. everyone knows that they do occur. In the case of avulsive changes the boundary remains what it was before the shift. See 3 American Law of Property § 15.27 (1952).

■ The primary distinction between accretion and avulsion, and the only one that matters here,[2] is whether the shift was gradual or sudden. The line between gradual and sudden is hardly precise and the case law does not reflect ease of application.

■ The sole witness on the precise question testified that he was familiar with the South Canadian river in the general area and was familiar with the location of the property in question. In the 1930's there were frequent floodings of the river and it changed its banks several times. He testified these changes were sudden but not permanent. He also testified to gradual changes like erosion. He testified that due to the construction of dams the river had not been as erratic since the 1940's as before. He specifically testified that he had no knowledge of the behavior of the river as it affected the exact property in question.

■ Based on this testimony the trial judge concluded that the river had suddenly (*cf.* 60 O.S.1971, § 336) changed its bed in the area of the property in question such that the original boundaries remained. We find no warrant for this conclusion. Appellants' cite 65 C.J.S. Navigable Waters § 86c, p. 273 for the proposition that there is a presumption in favor of accretion. We agree with this general principle since it conforms most often with the nature of things, *State ex rel. Com'rs of Land Office v. Seelke*, Okl.App., 568 P.2d 650 (1977). Thus Appellee's failure to prove avulsion results in the conclusion that the change was due to accretion.

The trial court erred when it denied Appellants' demurrer to the evidence. Since this disposes of the case on appeal we need not address the other issue. The case is reversed and remanded for an order consistent with the opinion expressed herein.

REVERSED AND REMANDED.

REYNOLDS and BOX, JJ., concur.

1. For some unexplained reason, neither party cites the statutory definitions of accretion and avulsion.

2. For other prerequisites see 7 Powell, *supra*, § 984.